Christopher T. Aumais, Esq. (SBN: 249901)
(caumais@girardikeese.com)
GIRARDI | KEESE
1126 Wilshire Boulevard
Los Angeles, California 90017
Telephone:   213.997.0211
Facsimile:   213.481.1554

Attorneys for Plaintiff, JANE DOE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>PRINCESS CRUISE LINES, LTD.,<br>d/b/a Princess Cruises,<br><br>　　　　Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

Plaintiff sues the Defendant and alleges and says:

## THE PARTIES AND JURISDICTION

1. This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. **THE PLAINTIFF,** JANE DOE, is *sui juris* and is a permanent resident and citizen of Modesto, California. "JANE DOE" is an alias used because of the nature of the events in this matter.  The Defendant are aware of the identity of JANE DOE.

3. **THE DEFENDANT**. The Defendant, PRINCESS CRUISE LINES LTD. (hereinafter referred to as "PCL"), has its principal place of business in Santa Clarita, California. PCL is incorporated outside the state of California and its principal executive office is in Hamilton Bermuda, but does business in the State of California, and at all times material hereto was and is doing business in Los Angeles County, California. At all times material hereto, the Defendant owned and/or operated the cruise ship on which the subject negligence occurred.

4. **FEDERAL SUBJECT MATTER JURISDICTION.** Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state, and arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C.§ 1333, and is being filed in Federal Court as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

5. **VENUE AND PERSONAL JURISDICTION**. The Defendant, at all times

material

hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

    a.     Operated, conducted, engaged in, or carried on a business venture in this state and/or county; and/or

    b.     Had an office or agency in this state and/or county; and/or

    c.     Engaged in substantial activity within this state; and/or

    d.     Committed one or more of the acts stated in California Statutes, Sections 415.40, or 416.10;

    6.  All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## OTHER ALLEGATIONS COMMON TO ALL COUNTS

    7.  **DATE OF INCIDENT.**  This incident occurred on November 25, 2018.

    8.  **LOCATION OF INCIDENT.** This incident occurred on the vessel *Ruby Princess*, a ship in navigable water while JANE DOE was a passenger board. Accordingly, JANE DOE's claims are governed by the general maritime law.

    9.  **STATUS OF PLAINTIFF AS OF DATE AND TIME OF INCIDENTS.** At all times and material hereto, JANE DOE was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on the vessel.  JANE DOE does not have a copy of the subject ticket but the Defendant does.

**COMPLAINT FOR DAMAGES**

10. **PCL ENCOURAGES DRINKING.**   The cruise line heavily markets, encourages and promotes drinking on its ships.  As the cruise line knows, most passengers drink more on cruise ships than they do on land. They do not have to drive home, are on vacation and generally let their guard down in the relaxed atmosphere created by the cruise line. In fact, a substantial amount of gross income of the ship and the cruise line in general is made from onboards sales of alcoholic beverages to passengers.

11. For example, on November 25, 2018 the PCL bar tenders and other servers served JANE DOE at least two strawberry daiquiris within 1 hour. The servers could readily observe that JANE DOE at 5'1 frame and 130 pounds was a slightly built person and that JANE DOE was visibly intoxicated, that within a few minutes of ingesting the last beverage, JANE DOE became disoriented, weak, and confused.

12. **THE BUSINESS MODEL; WORKING CONDITIONS AND THE FAILURE TO SCREEN, TRAIN, AND MONITOR.**  The cruise line hires its crew from underdeveloped countries or from countries where the economies are bleak, and the unemployment rates are high. The cruise line chooses to hire from these countries to pay low wages and to get a willing workforce to work on a ship away from home for months at a time and for 7 days a week, often 12 to 14 hours a day.

13. The cruise line utilizes agents or "hiring partners" in these countries and relies on the "hiring partners" to obtain background information on these candidates.  As the cruise line knows, it is all but impossible to obtain complete and reliable background

**COMPLAINT FOR DAMAGES**

information, medical and psychological records, and criminal records in such countries. And the "hiring partners" are paid per person actually hired by the cruise line. Accordingly, the cruise line places a disincentive on its "hiring partners" to conduct background checks which can result in exclusion of people for hire.

14. The cruise line then fails examine and test—reasonably under these circumstances—the applicants for a job which involves this level of contact with the public. The cruise line also fails to train these crewmembers well, and then fails to monitor the crewmembers. PCL's failure to select, train and control its male crew members and/or officers to stay away from female passengers is disastrous in combination with PCL encouraged partying and drinking on its ships. Knowing that female passengers will get intoxicated on its ships, PCL fails to provide a safe environment for its female passengers. PCL fails to protect its female passengers from sexual assault, battery and rape by its crew members and/or officers. PCL fails to warn female passengers that PCL's male crew and/or officers represent a danger to female passengers.

15. PCL hires male crew members and/or officers who are from a variety of different cultures. These crew members and/or officers are away from their wives and girlfriends for months at a time. The crew members and/or officers are inadequately screened and trained to deal with female passengers on its cruise ships. The cruise line's alleged "zero tolerance" policy for fraternization between crew and passengers and/or officers is not implemented and enforced on the cruise ships.

**COMPLAINT FOR DAMAGES**

16. The cruise invites 2000 to 3000 passengers and over 1000 crew on to an enclosed living and partying situation. The cruise line knows that crimes occur on their ships, including sexual assaults. The 11th Circuit Court of Appeals in *K.T. v. Royal Caribbean Cruises, Ltd.*, No. 17-14237, D.C. Docket 1:16-cv-25157-KMM (July 24, 2019) and *Doe v. Princess Cruise Lines, Ltd.*, 657 F. 3d 1204 (11th Cir. 2011) that the cruise lines have been on notice a decade before JANE DOE's cruise "that sexual assaults on cruise ships were a serious problem." *K.T. v. Royal Caribbean Cruises, Ltd.*, No. 17-14237, D.C. Docket 1:16-cv-25157-KMM (July 24, 2019) at 18; *Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204, 1208 n.4 (11th Cir. 2011).    The 11th Circuit Court of Appeals stated:

> Unfortunately, if congressional reports are to be believed, sexual assaults and other violent crimes on cruise ships are a serious problem. The House Subcommittee on Coast Guard and Maritime Transportation Staff has reported:
>
> At a hearing in March 2006 convened by the Committee on Government Reform, cruise industry executives testified that 178 passengers on North American cruises reported being sexually assaulted between 2003 and 2005. During that same period, 24 people were reported missing and four others reported being robbed.
>
> From fiscal year 2000 through June 2005, the FBI opened 305 case files involving "crimes on the high seas," and during those five years about 45% of those cases were sexual assaults that occurred on cruise ships.
>
> Salvador Hernandez, Deputy Assistant Director of the FBI, testified before Congress in 2007 about sexual and other physical assaults that have taken place on cruise ships: "Sexual assault and physical assaults on cruise ships were the leading crime reported to and investigated by

the FBI on the high seas over the last five years, 55 percent and 22 percent respectively . . . ." *Id*. At 1208 n.4.  Yet, the cruise line fails to provide for the safety and security of its passengers during its cruises.  This failure of safety and security results in sexual assaults and personal injuries to its passengers.

17. Further, the cruise line fails to monitor and control its crewmembers onboard the ship in a reasonable manner.   In sum, PCL fails to provide a reasonably safe environment for its passengers on the *Princess Ruby* and to protect passengers from sexual assault, battery and rape by its crew members.

18. **DESCRIPTION OF THE INCIDENT.**   On November 25, 2018, PCL provided its passengers including JANE DOE a pool deck onboard the *Ruby Princess* that serves alcoholic drinks.   JANE DOE went to the pool deck socializing and met a passenger named "John".   PCL's crew members served John alcoholic beverages which John then offered the JANE DOE.  JANE DOE accepted.  PCL's bar provided John with a strawberry daiquiri which John gave to JANE DOE.   PCL failed to intercept and confiscate alcohol which John snuck onboard PCL's ship.  PCL therefore allowed John to violate PCL's rules.   John he told JANE DOE that the alcohol was rum.   John added some alleged rum to the JANE DOE's drink.   JANE DOE finished her drink.   PCL provided John with a card which was linked to John's shipboard account.  PCL's cards can be used by passengers, such as John, to purchase alcoholic beverages served by PCL's crew members aboard its ships.  PCL allowed John to give his PCL card linked to

his account to JANE DOE.  PCL provided JANE DONE with two more strawberry daiquiris for John and herself.  After her second drink, JANE DOE felt disoriented, weak and confused.   She then decided to return to her cabin assigned to her by PCL.  As she approached her cabin, still feeling completely disoriented, weak and confused, JANE DOE noticed a PCL crew member following her from down the hall. The PCL crew member continued to approach JANE DOE, said something to JANE DOE.   PCL's crew member forcefully pushed JANE DOE from behind and into her assigned cabin.

19. After pushing Jane Doe forcefully into her cabin, PCL's crew member committed battery, sexual assault, sexual battery and rape on JANE DOE. JANE DOE repeatedly said no and had her hand over her vagina to try to protect herself.

20.JANE DOE went to medics onboard and reported the incident.

21.JANE DOE did not consent to the sexual acts described herein and would have been incapable of giving effective consent in any event due to the degree of intoxication she was in.

22.**DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN REGARD TO SEXUAL ASSAULT AND BATTERY.**  The general maritime law, state and federal, imposes a strict liability on the common carrier, including the cruise line herein, for sexual assault, sexual battery and rape.  This is a "special non-delegable duty owed by the carrier to the passenger".  *Doe v. Celebrity Cruises, Inc*., 394 F. 3d 891, 907 (11th Cir. 2004); *New Orleans and N.E.R. Co. v. Jopes,* 142 U.S. 18, 12 S.Ct. 109, 35 L.Ed. 919

(1891); *New Jersey Steam-Boat Co. v. Brockett*, 121 U.S. 637, 7 S.Ct. 1039, 30 L.Ed. 1049 (1887); thus, the cruise line has an "unconditional responsibility" for its employees misconduct. *Tullis v. Fidelity and Casualty Company of New York*, 397 F. 2d 22, 23 (5th Cir. 1968) as cited by the Eleventh Circuit Court of Appeals in *Doe v. Celebrity Cruises Inc*., 394 F. 3d at 909. "It is a widely adopted rule that common carriers owe such an absolute duty to their passengers". *See Doe v. Celebrity Cruises Inc*. 394 F. 3d at 911.

23. **DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN GENERAL.** The Defendant owes a "duty to exercise reasonable care for the safety of its passengers" including JANE DOE herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3D03-2132 (Fla. 3d DCA Opinion filed July 21,2004) *citing Kermarec v. Compagnie Generate Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); and *Harnesk vs. NCL Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991). The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited, S.A*., 475 So. 2d 248 (Fla. 3d DCA 1985).

## COUNT I
## NEGLIGENT HIRING, RETENTION AND SUPERVISION

24. The Plaintiff, JANE DOE, hereby adopts and realleges each and every allegation in paragraphs 1 through 23, above.

9

**COMPLAINT FOR DAMAGES**

25. **<u>DUTIES OWED BY PCL</u>**: PCL owes a "duty to exercise reasonable care for the safety of its passengers," including the plaintiff herein. *See Hall v. Royal Caribbean Cruises, Limited*, 2004 WL 1621209 (Fla. 3d DCA 2004). The Defendant also owes a "duty to exercise reasonable care under the circumstances." *See Harnesk v. Carnival Cruise Lines, Inc.*, 1991 WL 329584 (S.D. Fla. 1991). The Defendant also owes a "duty to exercise reasonable care under the circumstances." PCL had a duty to use reasonable care under the circumstances to maintain their ship in a reasonably safe condition commensurate with the activities conducted thereon and to prevent harm to its passengers resulting from the foreseeable sexual assault, battery and rape by crew and/or officers.

26. In particular, the Defendant had a duty to take such precautions as were reasonably necessary to protect its passengers from sexual assault, sexual battery, rape and physical battery and rape which was reasonably foreseeable.

27. The Defendant knew, or in the exercise of reasonable care should have known, that on board the cruise ships there have been numerous sexual assaults, sexual batteries, rapes, and attacks perpetrated by crew and/or officers on passengers. Given the circumstances of the hiring process, the job itself, and the conduct of the crew onboard the ships—more fully described herein—sexual assault, sexual batteries, rapes and attacks perpetrated by crew members is an ongoing and repetitive problem.

**COMPLAINT FOR DAMAGES**

28. PCL had experienced and had actual knowledge of assaults and batteries and sexual crimes, and other violence between passengers and between passengers and crew and anticipated and foresaw that crimes would be perpetrated on passengers aboard its vessels.

29. PCL had experienced and had actual knowledge of crew members serving alcoholic beverages and/or drugged beverages to passengers who become inebriated and/or drugged and then become victims of assaults and batters and sexual crimes perpetrated aboard PCL's vessels by both crew and other passengers.

30. PCL knew or should have known that the high risk to its passengers of crime and injury aboard PCL vessels is enhanced by PCL's sale of copious quantities of alcohol on its vessels and/or drugged alcohol and/or passengers sneaking prohibited alcohol and/or substances aboard PCL ships.

31. **PCL'S BREACHED ITS DUTY**: The Defendant cruise line breached its duty to exercise reasonable care under the circumstances by its failures and by its choices of rules, regulations, policies, and procedures failed to reasonably hire, select, retain and monitor its onboard crew. In doing so PCL failed to reasonably conduct background checks on its crew members, failed to implement and follow reasonable procedures and methods to supervise, monitor, review and/or surveil crew member conduct and interactions with PCL passengers.  PCL also failed to implement reasonable and proper procedures for safety and security of the passengers onboard the ship, including the safety of female passengers.  PCL

failed to recruit crew and/or officers from countries where proper background checks can be reasonably ascertained. PCL failed to reasonably and properly control its employees and/or provide rules, regulations, policies and/or procedures for PCL employees regarding conduct and/or fraternization with passengers. PCL failed to reasonably and properly enforce rules, regulations, policies and procedures for PCL employees who fraternize with passengers. PCL failed to discharge and/or discipline PCL employees who breach rules, regulations, policies and procedures for PCL employees who fraternize with passengers.

32. PCL by failing to screen, monitor male crew members and/or officers not to fraternize with passengers, PCL allowed and facilitated that the sexually assault, sexually battery, and rape of JANE DOE.

33. PCL breached its duty to hire, select, retain and/or monitor its crew members and breached its duties to JANE DOE by its actions and conduct. PCL failed to comply with applicable industry standards, statutes, and/or regulations which invokes the Pennsylvania Rule and shifts the burden of proof to the Defendant in the proof of negligence or proof of the absence of negligence. PCL's violation of applicable and mandatory safety regulations and standards constitutes negligence *per se*.

34. **PROXIMATE CAUSE**: PCL's failure to properly hire, select, retain and/or monitor its crew members put JANE DOE in high risk of crime and personal injury including rape, sexual assault and/or assault proximately caused the JANE DOE's injuries.

**COMPLAINT FOR DAMAGES**

Had PCL properly hire, select, retain and monitor its crew members JANE DOE would never have been raped, sexually assaulted and/or assaulted.

35. **DAMAGES**: PCL's negligence proximately caused permanent injuries and damages to JANE DOE in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and past lost wages and compensation and loss of income earning capacity for the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. JANE DOE has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, JANE DOE demands Judgment against PCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law

including interest from the date of the subject incident under General Maritime Law, and

any and all other damages which the Court deems just or appropriate.

**COUNT II**
**STRICT LIABILITY FOR SEXUAL ASSAULT,**
**SEXUAL BATTERY, AND RAPE**

36. The Plaintiff JANE DOE, hereby adopts and realleges each and every

allegation in paragraphs 1 through 23, above.

37. On the date of the subject incident, PCL's employee, committed the

intentional acts of sexual assault, sexual battery, and rape on JANE DOE, a passenger.

PCL's crew members served JANE DOE a second drink and/or drugged JANE DOE on

the pool deck.  The drinks and/or drugs PCL's employees served to JANE DOE caused

her to feel disoriented, weak and confused.  JANE DOE decided to return to her cabin.  As

she approached her cabin, she saw a crew member following her from down the hall.

PCL's crew member continued to approach JANE DOE, said something to her.  JANE

DOE told PCL's crew member she did not need the PCL crew member's assistance.

JANE DOE arrived at her cabin and opened her cabin door the crew member pushed

JANE DOE from behind and into her cabin.  PCL's crew member forcefully pushed

JANE DOE from behind into her dark cabin and tore off her clothing.  JANE DOE

repeatedly told PCL's crew member no and tried to protect herself by covering her vagina

with her hands.  PCL's crew member overpowered JANE DOE and attacked, sexually

assaulted, sexually battered and/or raped JANE DOE. JANE DOE felt discomfort, tenderness, and soreness to her private parts evidencing vaginal penetration by the crew member. JANE DOE advised her family and contacted a security officer to report that she had been raped.

38. **<u>DAMAGES</u>**: PCL's employee's intentional acts of sexual assault, sexual battery, and rape of JANE DOE proximately caused permanent injuries and damages to JANE DOE in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and past lost wages and compensation and loss of income earning capacity for the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. JANE DOE has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, JANE DOE demands Judgment against PCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability,

**COMPLAINT FOR DAMAGES**

physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT III
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

39. The Plaintiff, JANE DOE, hereby adopts and realleges each and every allegation in paragraphs 1 through 23, above.

40. This is an action for PCL's negligent infliction of emotional destress. PCL's negligence caused JANE DOE mental distress as a result of being violently physical attacked, sexually assaulted, sexually battered and/or raped by PCL's crew member. PCL anticipated and foresaw that crimes such as battery, sexual assault, sexual battery and/or rape would be perpetrated by crew members on passengers aboard its vessels. PCL knew or should have known of the high risk to its passengers of crime and injury aboard the vessels is enhanced by copious quantities of alcohol on its vessels.

41. **DUTIES OWED BY PCL**: PCL owes a "duty to exercise reasonable care for the safety of its passengers," including JANE DOE herein. *See Hall v. Royal Caribbean Cruises, Limited*, 2004 WL 1621209 (Fla. 3d DCA 2004). The Defendant also owes a "duty to exercise reasonable care under the circumstances." *See Harnesk v. Carnival Cruise Lines, Inc.*, 1991 WL 329584 (S.D. Fla. 1991). The Defendant knew, or in the exercise of reasonable care should have known, that on board the cruise ships there

have been numerous sexual assaults, sexual batteries, rapes, and attacks perpetrated by crew and/or officers on passengers. Given the circumstances of the hiring process, the job itself, and the conduct of the crew onboard the ships—more fully described herein—sexual assault, sexual batteries, rapes and attacks perpetrated by crew members is an ongoing and repetitive problem.

42. PCL had a duty to use reasonable care under the circumstances to maintain their ship in a reasonably safe condition commensurate with the activities conducted thereon and to prevent harm to its passengers resulting from the foreseeable sexual assault, battery and rape by crew and/or officers.

43. In particular, the Defendant had a duty to take such precautions as were reasonably necessary to protect its passengers from sexual assault, sexual battery, rape and physical battery and rape which was reasonably foreseeable.

44. PCL had experienced and had actual knowledge of assaults and batteries and sexual crimes, and other violence between passengers and between passengers and crew and anticipated and foresaw that crimes would be perpetrated on passengers aboard cruise ships.

45. PCL had experienced and had actual knowledge of crew members serving alcoholic beverages and/or drugged beverages to passengers who become inebriated and/or drugged and then become victims of assaults and batters and sexual crimes perpetrated aboard PCL's vessels by both crew and other passengers.

**COMPLAINT FOR DAMAGES**

46. PCL knew or should have known that the high risk to its passengers of crime and injury aboard PCL vessels is enhanced by PCL's sale of copious quantities of alcohol on its vessels and/or drugged alcohol and/or passengers sneaking prohibited alcohol and substances aboard PCL ships.

47. The circumstances are as follows.   On the dates of the subject incidents PCL's PCL's crew members served alcoholic beverages and/or drugged alcoholic beverages to JANE DOE on the pool deck and/or PCL allowed passengers to sneak prohibited alcohol and/or substances onto PCL's cruise ship.  Alcoholic beverages served by PCL crew members and/or drugged alcoholic beverages served by PCL crew members and/or PCL allowed passengers to sneak prohibited alcohol and/or substances onto PCL's ship caused JANE DOE to become inebriated and/or drugged.  PCL's crew members knew or should have known JANE DOE was inebriated and/or drugged.  JANE DOE left the pool deck and went to her cabin.  A PCL crew member followed JANE DOE as she walked to her cabin.  PCL's crew member continued to approach JANE DOE and said something to her.  JANE DOE told the PCL crew member she did not need his assistance. JANE DOE arrived at her cabin and opened her cabin door.  PCL's crew member forcefully pushed JANE DOE from behind into JANE DOE'S dark cabin.  PCL's crew member violently tore off JANE DOE's clothing.  JANE DOE repeatedly told the PCL crew member "no" and tried to protect herself by covering her vagina with her hands.

**COMPLAINT FOR DAMAGES**

48.PCL's crew member overpowered JANE DOE and physically attacked, sexually assaulted, sexually battered and/or raped JANE DOE.  PCL's crew members that served alcoholic beverages and/or drugged alcoholic beverages and/or allowed passengers to sneak prohibited alcoholic beverages and/or substances aboard its ship caused JANE DOE to become inebriated and/or drugged and incapable of providing consent or appreciating the actions of PCL's crew member.   Because PCL's crew member attacked, sexually assaulted, sexually battered and/or raped JANE DOE, she felt discomfort, tenderness, and soreness to her private parts evidencing vaginal penetration by PCL's crew member. JANE DOE advised her family and contacted a security officer to report that she had been raped.

49.The Defendant cruise line through the actions and conduct of its employee or agent, actual or apparent is vicariously or liable for the negligent infliction of emotional distress. The employee or agent, actual or apparent, of the Defendant cruise line negligently inflicted emotional distress upon JANE DOE by its actions and conduct of sexual assault and battery.

50.**PCL'S BREACHED ITS DUTY**: PCL breached its duty to hire, select, retain and/or monitor its crew members and breached its duties to JANE DOE by its actions and conduct.  PCL failed to comply with applicable industry standards, statutes, and/or regulations which invokes the Pennsylvania Rule and shifts the burden of proof to the Defendant in the proof of negligence or proof of the absence of negligence. PCL's

violation of applicable and mandatory safety regulations and standards constitutes negligence *per se*.

51.**<u>PROXIMATE CAUSE</u>**: PCL's failure to properly hire, select, retain and/or monitor its crew members put JANE DOE in high risk of crime and personal injury including rape, sexual assault and/or assault proximately caused JANE DOE's injuries. Had PCL properly hire, select, retain and monitor its crew members JANE DOE would never have been raped, sexually assaulted and/or assaulted and suffer injuries including severe emotional distress.

52.JANE DOE was involved in the events causing the negligent injury, that is, JANE DOE herein was the victim of the sexual assault, sexual battery and/or rape.  JANE DOE has suffered a discernable physical injury and/or severe emotional distress.  The physical injury suffered by JANE DOE was caused by the physical and psychological trauma.  JANE DOE has suffered a discernable physical injury when PCL's crew member violently attacked, sexually assaulted, sexually battered and/or raped JANE DOE inside her cabin.  JANE DOE suffered injuries to her vagina and endangered her health and life.  JANE DOE suffered tearing and damage to her vagina as a result of the forced and unconsented to repeated penetration by PCL's crew member. JANE DOE suffered tearing and damage to her vagina as a result of the forced and unconsented to repeated vaginal penetration by PCL's crew member.  PCL's crew member's conduct caused

JANE DOE severe or extreme emotional distress that is substantial and/or enduring quality including but not limited to Post Traumatic Stress Disorder.

53. **DAMAGES**: PCL's negligence proximately caused permanent injuries and damages to JANE DOE in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and past lost wages and compensation and loss of income earning capacity for the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. JANE DOE has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, JANE DOE demands Judgment against PCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law

including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54.     The Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 23, above.

55. This is an action for PCL's intentional infliction of emotional destress. "Although maritime law does not explicitly provide a cause of action for emotional distress, Plaintiffs may nevertheless state an intentional infliction of emotional distress claim in a maritime context." *Markham v. Carnival Corporation*, 2012 WL 12866787 (S.D. Fla. Dec. 3, 2012)(citing *McAllister v. Royal Caribbean Cruises, Ltd.*, 2003 WL 23192102, at *4 (E.D. Pa. Sept. 30, 2003)); *Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 841 (9th Cir. 2002).   PCL's negligence caused JANE DOE severe mental distress as a result of being violently physical attacked, sexually assaulted and/or sexually battered by PCL's crew member.   PCL anticipated and foresaw that crimes such as battery, sexual assault, sexual battery and/or rape would be perpetrated by crew members on passengers aboard its vessels.   PCL knew or should have known of the high risk to its passengers of crime and injury aboard the vessels is enhanced by copious quantities of alcohol on its vessels.

56. PCL knew or should have known that sexual assault and/or battery is intentional or reckless conduct where the perpetrator knew or should have known that

emotional distress would likely result. Sexual assault and/or batter is outrageous conduct that goes beyond all bounds of decency and is to be regarded as odious and utterly intolerable in a civilized community. Sexual assault and/or batter can cause and did cause emotional distress to JANE DOE and the emotional distress was severe.

57. **<u>EXTREME AND OUTRAGEOUS CONDUCT</u>**. The circumstances are as follows. On the dates of the subject incidents PCL's crew members served alcoholic beverages and/or drugged alcoholic beverages to JANE DOE on the pool deck and/or PCL allowed passengers to sneak prohibited alcohol and/or substances onto PCL's cruise ship. Alcoholic beverages served by PCL crew members and/or drugged alcoholic beverages served by PCL crew members and/or PCL allowed passengers to sneak prohibited alcohol and/or substances onto PCL's ship caused JANE DOE to become inebriated and/or drugged. PCL's crew members knew or should have known JANE DOE was inebriated and/or drugged. JANE DOE left the pool deck and went to her cabin. A PCL crew member followed JANE DOE as she walked to her cabin. PCL's crew member continued to approach JANE DOE and said something to her. JANE DOE told the PCL crew member she did not need his assistance. JANE DOE arrived at her cabin and opened her cabin door. PCL's crew member forcefully pushed JANE DOE from behind into JANE DOE'S dark cabin. PCL's crew member violently tore off JANE DOE's clothing. JANE DOE repeatedly told the PCL crew member "no" and tried to protect herself by covering her vagina with her hands.

58. PCL's crew member overpowered JANE DOE and physically attacked, sexually assaulted, sexually battered and/or raped JANE DOE.  PCL's crew members that served alcoholic beverages and/or drugged alcoholic beverages and/or allowed passengers to sneak prohibited alcoholic beverages and/or substances aboard its ship caused JANE DOE to become inebriated and/or drugged and incapable of providing consent or appreciating the actions of PCL's crew member.  Because PCL's crew member attacked, sexually assaulted, sexually battered and/or raped JANE DOE, she felt discomfort, tenderness, and soreness to her private parts evidencing vaginal penetration by PCL's crew member. JANE DOE advised her family and contacted a security officer to report that she had been raped.

59. PCL's crew member's attack, sexual assault, sexual battery and/or rape is extreme and outrageous conduct that exceed all bounds that usually tolerated by civilized society.

60. **INTENT TO CAUSE OR RECKLESS DISREGARD**.  The Defendant cruise line through the actions and conduct of its employee or agent, actual or apparent is vicariously or strictly liable for the negligent infliction of emotional distress.  The conduct of PCL's crew member was directed at JANE DOE.  The employee or agent, actual or apparent, of the Defendant cruise line intentionally inflicted emotional distress upon JANE DOE by its actions and conduct of sexual assault and battery.  PCL's crew member

intended to cause or recklessly disregarded the probability of causing JANE DOE emotional distress by his attack, sexual assault, sexual battery and/or rape on JANE DOE.

61. **SEVERE OR EXTREME EMOTIONAL DISTRESS**.  JANE DOE has suffered a discernable physical injury when PCL's crew member violently attacked, sexually assaulted, sexually battered and/or raped JANE DOE inside her cabin.  JANE DOE suffered injuries to her vagina and endangered her health and life.  JANE DOE suffered tearing and damage to her vagina as a result of the forced and unconsented to repeated vaginal penetration by PCL's crew member.  PCL's crew member's extreme and/or outrageous conduct caused JANE DOE severe or extreme emotional distress that is substantial and/or enduring quality including but not limited to Post Traumatic Stress Disorder.

62. **PROXIMATE CAUSE**: PCL's crew member's outrageous conduct of battery, sexual assault, sexual battery and/or rape proximately cased JANE DOE to experience severe and extreme emotional distress. As a result of this incident JANE DOE suffers from psychological trauma including but not limited Post Traumatic Stress Disorder.

63. **DAMAGES**: PCL's intentional infliction of emotional distress proximately caused permanent injuries and damages to JANE DOE in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other

related expenses in the past and in the future; and past lost wages and compensation and loss of income earning capacity for the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. JANE DOE has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, JANE DOE demands Judgment against PCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT IV
## NEGLIGENT FAILURE TO WARN

64. The Plaintiff hereby adopts and re-alleges each and every allegation in Paragraphs 1- 23, above.

**COMPLAINT FOR DAMAGES**

65. This is an action for negligence of PCL'S failing to warn passengers, including JANE DOE, of known dangers beyond the point of debarkation in places where passengers are invited or reasonably expected to visit. PCL anticipated and foresaw that crimes would be perpetrated on passengers aboard its vessels. PCL knew or should have known of the high risk to its passengers of crime and injury aboard the vessels is enhanced by copious quantities of alcohol on its vessels.

66. **DUTIES OWED BY PCL**: PCL owes a "duty to exercise reasonable care for the safety of its passengers," including the Plaintiff herein. *See Hall v. Royal Caribbean Cruises, Limited*, 2004 WL 1621209 (Fla. 3d DCA 2004). The Defendant also owes a "duty to exercise reasonable care under the circumstances." *See Harnesk v. Carnival Cruise Lines, Inc.*, 1991 WL 329584 (S.D. Fla. 1991). Additionally, the Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit." *See Vierling v. Celebrity Cruises, Inc.,* 339 F.3d 1309 (11th Cir. 2003) ("Courts sitting in admiralty have long recognized an obligation on the part of a carrier to furnish its passengers with a reasonably safe means of boarding and leaving the vessel, that this obligation is non-delegable, and that even the slightest negligence renders a carrier liable."); *Carlisle v. Ulysses Line Limited*, 475 So.2d 248 (Fla. 3d DCA 1985).

67. The circumstances are as follows. PCL, at all relevant times, as well as other major cruise lines have been required to keep records of all complaints about certain

crimes which include sexual assault and rape. Cruise lines, such as PCL, must report complaints of sexual assault and rape to the FBI and the Department of Transportation. *See* 46 U.S.C. §3507(g)(1)(A); 46 U.S.C. §3507(k)(1); 46 U.S.C. §3507(g)(3)(A)(i),(ii). The Department of Transportation has a statutory duty to compile the reports and publish quarterly "statistical compilation[s]" about crimes, including sexual assault and rape that occur on board cruise vessels. 46 U.S.C. §3507(g)(4). These compilations are titled Cruise Line Incident Reports and maintained on the United States Department of Transportation website at https://www.transportation.gov/mission/safety/cruise-line-incident-reports. According to the Department of Transportation sexual assault is the most common crime reported on cruise ships. In 2018 cruise lines reported 120 crimes to the Department of Transportation, 82 of which involved sexual assaults.

68.It is expected that passengers including JANE DOE, will socialize and consume alcoholic beverages aboard PCL's ships. PCL documents and as a matter of law must report prior incidents involving rape, sexual assault, assault and other crimes which may include prior shipboard safety meetings; logs or databases of prior similar incidents; prior complaints made to guest services throughout its fleet; prior investigative reports as well as through other documentation. PCL trains its crew members about occurrences and procedures regarding rape, sexual assault, assault and other crimes. Because PCL knows that the most commonly reported crime on cruise ships is sexual assault, documents prior incidents and trains its crew members about occurrences and procedures regarding rape,

sexual assault, assault and other crimes, PCL knew or should have known to warn its passengers, including JANE DOE, about the high risk to its passengers of crime and injury aboard the vessels.   JANE DOE was unaware she needed to take any special precautions while aboard PCL's ship.

69. **PCL'S BREACHED ITS DUTY**: PCL breached its duty to warn JANE DOE of dangerous condition and breached its duties to JANE DOE by its actions and conduct.  PCL through its crew members failed to warn its passengers, including JANE DOE about the high risk to passengers of crime and injury aboard PCL'S vessels.  PCL failed to distribute any written materials and/or memos; provide warnings on its website; make audible announcements; play video warning messages or other types of warnings to its passengers that they are at high risk of crime and injury aboard PCL's vessels.  PCL also failed to comply with applicable industry standards, statutes, and/or regulations which invokes the Pennsylvania Rule and shifts the burden of proof to the Defendant in the proof of negligence or proof of the absence of negligence. PCL's violation of applicable and mandatory safety regulations and standards constitutes negligence *per se*.

70. **PROXIMATE CAUSE**: PCL's failure to properly warn JANE DOE of the high risk of crime and personal injury including rape, sexual assault and/or assault proximately caused JANE DOE's injuries.  Had PCL properly warned JANE DOE of the dangerous condition, JANE DOE would never have taken the subject cruise; consumed

alcohol and/or walked alone on PCL's cruise ship. JANE DOE therefore would never have been raped, sexually assaulted and/or assaulted.

71. **<u>DAMAGES</u>**: PCL's negligence proximately caused permanent injuries and damages to JANE DOE in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and past lost wages and compensation and loss of income earning capacity for the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. JANE DOE has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, JANE DOE demands Judgment against PCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law

including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

**COUNT V**
**NEGLIGENT MISREPRESENTATION**

72. The Plaintiff hereby adopts and re-alleges each and every allegation in Paragraphs 1-23 above.

73. The Defendant negligently misrepresented that it would provide a safe cruise ship to its passengers including JANE DOE. The Defendant represented that its cruise is without worries even though it cruise ships are confined spaces in waters off of sometimes remote and sometimes third world countries. The Defendant cruise line's misrepresentations include the following:

74. PCL represents that "safety and security of our guests and crew is our top priority. We meet, and often exceed, U.S. and international regulations that govern our operations as we sail the world's seas. Our officers undergo extensive training, including exacting instruction at our corporate parent's Center for Simulator Maritime Training in Almere, Netherlands." A copy of the page from that website is attached hereto as **EXHIBIT 1**, https://www.princess.com/careers/about-princess/.

75. PCL's website represents that it offers its employees a companywide resource for corporate training called Discovery U. PCL represents that it provides a "wide range of instructor-led and online, computer-based training to: … Comply with the

31
**COMPLAINT FOR DAMAGES**

latest safety and workplace conduct requirements."  A copy of the page from that website is attached hereto as **Exhibit 2**, https://www.princess.com/careers/shipboard-cruise-jobs/living-and-working-at-sea/discover-u/.

76.PCL'S website provides a list of "Top 10 FAQs from New Cruisers" which include "is cruising safe?".  A copy of the page from that website is attached hereto as **Exhibit 3**, https://www.princess.com/come-back-new/top-ten-faq/.   PCL's website represents that "1.7 million passengers sail with Princess annually.  Your safety is our top priority."  See **Exhibit 3**.  PCL also represents that "[a]ll ships must follow rules and regulations to protect passengers' (and crewmembers') safety while onboard".   See **Exhibit 3**.

77.PCL lists "Our Core Values" within its website. A copy of the page from that website is attached hereto as **Exhibit 4**, https://www.princess.com/careers/about-princess/core-values/.   PCL represents that "we do it right" and explains"[w]e never compromise on things that matter.   Safety and security are our most important responsibilities.   Our customers can trust us because we adhere to the highest ethical standards.".  See **Exhibit 4**.

78.PCL employs staff to specifically address passenger and crew member safety including positions such as marine operations.   Marine operations include PCL employees who manage programs and provide support to all areas of the ships to ensure the safe, secure, environmentally sound and efficient operation of the fleet.

**COMPLAINT FOR DAMAGES**



### Marine Operations Jobs

As part of our Marine Operations department, you'll help manage programs and provide support to all areas of the ships to ensure the safe, secure, environmentally sound, and efficient operation of the fleet. You'll partner with and support Market Planning for itinerary development, Finance for fuel data, Shore Operations for security advances in certain regions, Technical and Claims departments for shipboard safety issues, and more.

We offer challenging career opportunities in these areas:

- Safety
- Marine
- Environmental
- Security

**Apply Now!**

https://www.princess.com/careers/shoreside-cruise-jobs/shoreside-departments/.

PCL also employs staff for its Market Planning and Deployment Departments which include "marine, safety, sales, marketing, shore and port operations, onboard revenue, logistics, and more".



### Market Planning & Deployment Planning Jobs

As part of our Market Planning and Deployment Planning departments, you'll have the opportunity to help craft strategic pricing options and sales policies, conduct competitive analysis, and schedule exciting worldwide itineraries to over 250 destinations for our fleet. Along the way, you'll collaborate with virtually every department in the company, including Marine, Safety, Sales, Marketing, Shore and Port Operations, Onboard Revenue, Logistics, and more.



**Apply Now!**

https://www.princess.com/careers/shoreside-cruise-jobs/shoreside-departments/.

79. PCL represents on its website on its FAQ: Cruise Answer Place under "Security Guide" heading "Crime Prevention and Response Guide" that PCL has a "zero tolerance for crime on board its ships".  A copy of the page from that website is attached

**COMPLAINT FOR DAMAGES**

hereto as **Exhibit 5**, https://www.princess.com/learn/faq_answer/onboard/experience.jsp.

PCL represents that it reports:

> **all** missing persons and serious criminal incidents such as homicide, suspicious death, kidnapping, assault with serious bodily injury, sexual assaults as defined by existing laws, firing or tampering with the vessel, or theft of money or property in excess of $10,000 to appropriate law enforcement authorities.

See **Exhibit 5**.  PCL's website provides contact numbers and website information for the FBI in Washington D.C., the United States Coast Guard National Command Center and National Sexual Assault Hotline.  PCL's website provides this website under "Crime Prevention and Response Guide".  PCL's website information misleads prospective passengers and passengers to believe they can rely on PCL to provide a safe and secure ship.  However, PCL's website fails to offer any information as to what, if any, "Crime Prevention" is available to prospective passengers and passengers in PCL's "Security Guide".   Instead PCL provides crime response information of highly regarded and respected federal agencies and a sexual assault hotline to lure prospective passengers and passengers into believing PCL provides safe and secure ships.   Unbeknownst to prospective passengers and passengers, they may not be able to make calls to the FBI, USCG and/or sexual assault hotline while at sea.  PCL misleads passengers to believe that they may contact the FBI or USCG "at any time during the voyage".  See **Exhibit 5**.

**COMPLAINT FOR DAMAGES**

80. The Defendant cruise line made these representations with that intent that its passengers, including JANE DOE herein, rely upon them in deciding whether to purchase tickets to go onboard its cruise ships.

81. The representations made by the cruise line were false and misleading. First, the subject cruise ship did not provide a safe and/or secure ship for its passengers including JANE DOE.  Further, the cruise line through its omission of materials facts about the high risk of crime and injury including but not limited to rape, sexual assault and assault, and its unwillingness and its failure to properly retain, hire, train, monitor, and provide reasonable procedures for its staff as misrepresented the quality of its ships safety and security thereon.

82. JANE DOE relied on PCL's representation that it provided a safe and secure ship when JANE DOE  decided to take the subject cruise.  JANE DOE would not have selected have decided to go on the cruise if it had not been for the representations made by PCL with respect to the safety and security of its ships.

83. This reliance was to the detriment of JANE DOE  because the Defendant cruise line failed to provide a safe and secure ship, and failed to provide in its warnings and sufficient information about the fact that it failed to provide a reasonably safe and secure ship, failed to properly retain, hire, train, monitor and provide reasonable procedures for its staff and misrepresented the quality of its ships safety and security thereon.

84.The Defendant cruise line's misrepresentation included failure to disclose to the public and JANE DOE herein the fact that under the cruise line's lack of resources and under manning safety and security of passengers, failure to disclose its knowledge of the high risk of crime and injury to passengers on cruise ships, the cruise line's failure to provide a reasonably safe and secure ship as represented on its website, failure to properly retain, hire, train, monitor and provide reasonable procedures as represented on PCL's website. PCL also misrepresentations failed to comply with applicable industry standards, statutes, and/or regulations which invokes the Pennsylvania Rule and shifts the burden of proof to the Defendant in the proof of negligence or proof of the absence of negligence. PCL's violation of applicable and mandatory safety regulations and standards constitutes negligence *per se*

85.**PCL BREACHED ITS DUTY**: PCL breached its duty to reasonably represent to JANE DOE the dangerous condition onboard PCL's ship and breached its duties to JANE DOE by its actions and conduct.  PCL negligently misrepresented that it would provide a safe and secure cruise ship to its passengers including JANE DOE. JANE DOE relied on PCL's misrepresentations to her detriment.

86.**PROXIMATE CAUSE**: PCL's failure to reasonably represent to JANE DOE the high risk of crime and personal injury including rape, sexual assault and/or assault proximately caused JANE DOE's injuries.  Had PCL properly represented to JANE DOE of the dangerous condition, JANE DOE would never have taken the subject

cruise; consumed alcohol and/or walked alone on PCL's cruise ship.   JANE DOE therefore would never have been raped, sexually assaulted and/or assaulted.

87. **DAMAGES**: PCL's negligence proximately caused permanent injuries and damages to JANE DOE in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and past lost wages and compensation and loss of income earning capacity for the future.  Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing. JANE DOE has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, JANE DOE demands Judgment against PCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law

including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT VI
## NEGLIGENT FAILURE TO PROVIDE A REASONABLY SAFE SHIP

88. The Plaintiff hereby adopts and re-alleges each and every allegation in Paragraphs 1-23.

89. This is an action for negligence due to PCL's negligent failure to provide a reasonably safe ship. PCL owes a duty of reasonable care under the circumstances. The circumstances are as follows.

90. The circumstances are as follows. PCL, at all relevant times, as well as other major cruise lines have been required to keep records of all complaints about certain crimes which include sexual assault and rape. Cruise lines, such as PCL, must report complaints of sexual assault and rape to the FBI and the Department of Transportation. *See* 46 U.S.C. §3507(g)(1)(A); 46 U.S.C. §3507(k)(1); 46 U.S.C. §3507(g)(3)(A)(i),(ii). The Department of Transportation has a statutory duty to compile the reports and publish quarterly "statistical compilation[s]" about crimes, including sexual assault and rape that occur on board cruise vessels. 46 U.S.C. §3507(g)(4). These compilations are titled Cruise Line Incident Reports and maintained on the United States Department of Transportation website at https://www.transportation.gov/mission/safety/cruise-line-incident-reports. According to the Department of Transportation sexual assault is the

**COMPLAINT FOR DAMAGES**

most common crime reported on cruise ships.  In 2018 cruise lines reported 120 crimes to the Department of Transportation, 82 of which involved sexual assaults.

91.  PCL knew or should have known passengers including JANE DOE, will socialize and consume alcoholic beverages aboard PCL's ships.   PCL documents and as a matter of law must report prior incidents involving rape, sexual assault, assault and other crimes which may include prior shipboard safety meetings; logs or databases of prior similar incidents; prior complaints made to guest services throughout its fleet; prior investigative reports as well as through other documentation.   PCL trains its crew members about occurrences and procedures regarding rape, sexual assault, assault and other crimes.   Because PCL knows that the most commonly reported crime on cruise ships is sexual assault, sexual battery and/or rape, documents prior incidents and trains its crew members about occurrences and procedures regarding rape, sexual assault, assault and other crimes, PCL knew or should have known to take reasonable measures to make its ship safe and secure for its passengers, including JANE DOE.

92. **DUTUES OWED BY PCL**: PCL owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. *See Hall v. Royal Caribbean Cruises, Limited* 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3d03-2132 (Fla. 3d DCA Opinion filed July 21, 2004). The Defendant also owes a "duty to exercise reasonable care under the circumstances**."** *See Harnesk v. Carnival Cruise Lines, Inc,* 1992 A.M.C. 1472, 1991 WL 329584 (S.D. Fla. 1991). The

cruise line is directly negligent for negligently shipboard crewmembers.  PCL owes a duty to its passengers, including JANE DOE, to provide a reasonably safe and secure ship. PCL had a duty to use reasonable care under the circumstances to maintain their ship in a reasonably safe condition commensurate with the activities conducted thereon and to prevent harm to its passengers resulting from the foreseeable sexual assault, battery and rape by crew and/or officers.

93. In particular, the Defendant had a duty to take such precautions as were reasonably necessary to protect its passengers from sexual assault, sexual battery, rape and physical battery and rape which was reasonably foreseeable.

94. The Defendant knew, or in the exercise of reasonable care should have known, that on board the cruise ships there have been numerous sexual assaults, sexual batteries, rapes, and attacks perpetrated by crew and/or officers on passengers. Given the circumstances of the hiring process, the job itself, and the conduct of the crew onboard the ships—more fully described herein—sexual assault, sexual batteries, rapes and attacks perpetrated by crew members is an ongoing and repetitive problem.

95. PCL had experienced and had actual knowledge of assaults and batteries and sexual crimes, and other violence between passengers and between passengers and crew and anticipated and foresaw that crimes would be perpetrated on passengers aboard its vessels.

**COMPLAINT FOR DAMAGES**

96. PCL had experienced and had actual knowledge of crew members serving alcoholic beverages and/or drugged beverages to passengers who become inebriated and/or drugged and then become victims of assaults and batters and sexual crimes perpetrated aboard PCL's vessels by both crew and other passengers.

97. PCL knew or should have known that the high risk to its passengers of crime and injury aboard PCL vessels is enhanced by PCL's sale of copious quantities of alcohol on its vessels and/or drugged alcohol and/or passengers sneaking prohibited alcohol and/or substances aboard PCL ships.

98. **PCL BREACHED ITS DUTY**.  PCL breached its duty of care by failing to provide a reasonably safe and secure ship.  PCL breached its duty of care by failing to provide in its warnings of the high risk of crime and injury to passengers. The Defendant cruise line breached its duty to exercise reasonable care under the circumstances by its failures and by its choices of rules, regulations, policies, and procedures failed to reasonably hire, select, retain and monitor its onboard crew. In doing so PCL failed to reasonably conduct background checks on its crew members, failed to implement and follow reasonable procedures and methods to supervise, monitor, review and/or surveil crew member conduct and interactions with PCL passengers.  PCL also failed to implement reasonable and proper procedures for safety and security of the passengers onboard the ship, including the safety of female passengers.

**COMPLAINT FOR DAMAGES**

99. PCL failed to recruit crew and/or officers from countries where proper background checks can be reasonably ascertained. PCL failed to reasonably and properly control its employees and/or provide rules, regulations, policies and/or procedures for PCL employees regarding conduct and/or fraternization with passengers. PCL failed to reasonably and properly enforce rules, regulations, policies and procedures for PCL employees who fraternize with passengers. PCL failed to discharge and/or discipline PCL employees who breach rules, regulations, policies and procedures for PCL employees who fraternize with passengers. PCL by failing to screen, monitor male crew members and/or officers not

to fraternize with passengers, PCL allowed and facilitated that the sexually assault, sexually battery, and rape of JANE DOE.

100.    PCL breached its duty to hire, select, retain and/or monitor its crew members and breached its duties to JANE DOE by its actions and conduct. PCL failed to comply with applicable industry standards, statutes, and/or regulations which invokes the Pennsylvania Rule and shifts the burden of proof to the Defendant in the proof of negligence or proof of the absence of negligence. PCL's violation of applicable and mandatory safety regulations and standards constitutes negligence *per se*.

101.    **PROXIMATE CAUSE**: PCL's negligent failure to provide a reasonably safe ship proximately caused JANE DOE's injuries. Had JANE DOE known PCL failed to provide a reasonably safe and secure ship JANE DOE would never have

**COMPLAINT FOR DAMAGES**

taken the subject cruise; accepted alcoholic beverages and/or substances served by PCL, consumed alcoholic beverages, consumed drugged alcoholic beverages, and/or walked alone on PCL's cruise ship.   JANE DOE therefore would never have been attacked, sexually assaulted, sexually battered and/or raped.

102.   **DAMAGES**: PCL's negligence proximately caused permanent injuries and damages to JANE DOE in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and past lost wages and compensation and loss of income earning capacity for the future.  Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing. JANE DOE has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, JANE DOE demands Judgment against PCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of

**COMPLAINT FOR DAMAGES**

capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

### **Demand for Jury Trial**

The plaintiffs request a jury trial on all issues raised in this complaint.

Dated this 24th day of October, 2019

Respectfully Submitted,

GIRARDI| KEESE

By: _/s/ Christopher T. Aumais_____
CHRISTOPHER T. AUMAIS
Attorneys for Plaintiff LANI REESE

**COMPLAINT FOR DAMAGES**